IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONCHITA WASHINGTON, § | | |
|   Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:08-CV-165-Y |
| § | | |
| W. ELAINE CHAPMAN, Warden, § | | |
| FMC-Carswell, § | | |
|   Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A. Nature of the Case**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B. Parties**

Petitioner Conchita Washington, Reg. No. 14826-039, is a federal prisoner currently confined in the Carswell Federal Medical Center in Fort Worth, Texas (FMC-Carswell).

Respondent W. Elaine Chapman is the Warden of the FMC-Carswell.

C.  **Procedural History**

Washington, a 69-year-old inmate, is serving a 480-month term of imprisonment on her 1991 convictions for conspiracy to possess and distribute cocaine, possess with intent to distribute cocaine, aiding and abetting, and money laundering in the United States District Court for the Northern District of Indiana. (Resp't Appendix, Exhibit 1 at 1-2) The record reflects that Washington suffers from significant medical problems, which include osteoarthritis, allergies, contact dermatitis, asthma, low blood pressure, circulatory problems, diabetes, poor vision, sleeping disorder, and podiatry problems, and that she takes a variety of medications. (*Id.* at 2 & Attachment 4 at 17) Washington has a projected release date of February 27, 2026. (*Id.* at 7) Washington requested a compassionate release/reduction of sentence (RIS) in January 2008, but the Bureau of Prisons (BOP) denied her request in April 2008. Washington filed this § 2241 habeas petition on February 14, 2008. She has filed a § 2255 motion in the convicting court, which was dismissed as time-barred, and numerous § 1983 actions and one previous § 2241 petition in this court. *See Washington v. Bogan,* Civil Action No. 4:00-CV-1762-Y.

D.  **Issues**

In one ground, Washington claims the BOP is unable to take care of her medical needs and that had her attorney made the jury and the sentencing court fully aware of her medical status, the outcome of her trial would have been different.[1]

E.  **Discussion**

Washington's ineffective assistance claim, which directly challenges her conviction and sentence, is not cognizable under § 2241. Typically, § 2241 is used to challenge the manner in

---

[1] Washington claims she is not challenging the BOP's denial of her request for compassionate release/reduction of sentence (RIS). (Pet'r Rebuttal at 2)

which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of her conviction or sentence. *See Benavidez v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A petition for writ of habeas corpus pursuant to § 2241 is not a substitute for a motion under § 2255. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Section 2255 provides that a prisoner may file a writ of habeas corpus only if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) her claim is based on a retroactively applicable Supreme Court decision which establishes that she may have been convicted of a nonexistent offense, and (2) her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.); *Pack*, 218 F.3d at 452.

Washington has neither alleged nor demonstrated that her claim is based on a retroactively applicable Supreme Court decision which establishes that she may have been convicted of a nonexistent offense or that her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or § 2255 motion. Having had adequate and effective opportunities to assert the instant claim earlier, and having failed to do so, Washington may not proceed to do so under this court's § 2241 jurisdiction. A prior unsuccessful § 2255 motion, or the inability to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *See Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Washington has not made the showing required to invoke the savings clause of § 2255 as to the claim presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that Washington's petition be DISMISSED for want of jurisdiction. Any motions not previously ruled upon should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 7, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 7, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 17, 2008.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE